# EXHIBIT 2

EXHIBIT 2

**AFFIDAVIT OF JEFFREY D. WOOD**

STATE OF ARKANSAS }
}SS
COUNTY OF PULASKI }

I, Jeffrey D. Wood, being duly sworn, hereby state that if called to testify in this case, I would plead as follows:

1. I am counsel to Plaintiff in this matter.
2. I am an attorney who has been licensed to practice in the state of Arkansas since September 2006.
3. I am admitted to practice before all of the U.S. District Courts of Texas, Arkansas, New Mexico, the Eastern District of Missouri, the Southern District of Indiana and the Eastern District of Michigan.
4. I began handling cases involving the Fair Debt Collection Practices Act in approximately 2008. I began focusing the full time of practice on consumer law cases in 2010. I have been involved in more than 500 cases (including those filed and those not filed but handled pre-suit) as either plaintiff's counsel, defense counsel, in-house litigation manager at a national collection agency and co-counsel for collection attorneys in front of state ethics committees.
5. I am currently a solo practitioner at my firm, The Wood Firm, PLLC, with an office in both Little Rock, Arkansas and Rockwall, Texas.
6. My regular hourly rate is $400.00 per hour.
7. I have reviewed the Lodestar Method utilized by the courts in the state of Texas to calculate reasonable attorney's fees on the matter presently before this Court.
8. Upon information and belief, it is not uncommon for attorneys with my skill, background, and knowledge practicing in this district to charge $400.00 per hour, including in consumer protection law.
9. I believe that a rate $400 per hour for my services is a reasonable rate.
10. Based upon my review of the client's file and my firm's reports, emails, and records; I have prepared a billing report which includes the date of each task and an estimation of the time required to complete each task (See "Exhibit 1" for Statement of Services).
11. The time incurred for my services is 27.1 hours or $10,840.00 in professional time.

EXHIBIT 2

12. While this might strike the Court as elevated for a case this early in the proceedings, I hope the Court will consider that OWA was using a false, unregistered business name, "Oliver Wright and Associates" when it communicated with Ms. Griffin. This caused significant extra hours to be expended trying to determine the identity of the company that threatened to sue Plaintiff if she did not repay the Account. Further, it was the design and purpose, consistent with the conduct of similar shady debt collectors, of OWA to disguise itself from identification so that it could (hopefully) avoid detection and accountability. Finally, OWA and Johnson caused considerable extra time in the earlier days of this claim by falsely denying their involvement in attempting to collect the Account from Plaintiff. This caused extra review of evidence and extra consultation with Plaintiff to double and triple check the evidence she had provided. In the end, it was all a ruse. OWA was the correct company and they did threaten my client.

13. My firm has also advanced $402.00 for filing fees on behalf of the Plaintiff along with $124.40 for service of process of the complaint, the civil cover sheet, and the summons on these defendants (*see* Exhibit 1).

Further Affiant Sayeth Not

Jeffrey D. Wood, Esq.

Subscribed and sworn to before me
This 17 day of Feb. 20 23.

Notary Public

My Commission expires: 6/26/26

SARA E DICKSON
MY COMMISSION EXPIRES
06-26-2026
NOTARY PUBLIC
COMM # 12349028
PULASKI COUNTY - ARKANSAS