**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TASHA GRIFFIN,<br>PLAINTIFF,<br><br>v.<br><br>O'BRIEN, WEXLER, AND ASSOCIATES, LLC,<br>d/b/a "OWA PROCESSING",<br>d/b/a "OLIVER, WRIGHT & ASSOCIATES",<br>d/b/a "NATIONAL ASSET RECOVERY ASSOCIATES",<br>CHARLES JOHNSON, individually, and<br>NATIONAL DEBT HOLDINGS LLC,<br>DEFENDANTS. | CASE NO.: 4:22-cv-970 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**TABLE OF CONTENTS**


I. BACKGROUND ..... 3

II. PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION ..... 8

III. PLAINTIFF'S REQUEST FOR AN INJUNCTION IS REASONABLE ..... 14

IV. PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE ..... 15

A. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES UNDER THE FDCPA, FCRA AND TEXAS FINANCE CODE IS REASONABLE ..... 15

B. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE ..... 16

1. PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT TO THE FDCPA AND TEXAS FINANCE CODE. ..... 17

2. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION. ..... 17

3. IN CONSUMER PROTECTION ACTIONS, IT IS NOT APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY. ..... 18

4. THE RATES SOUGHT BY PLAINTIFF'S ATTORNEY ARE REASONABLE AND COMMENSURATE WITH THE ATTORNEY'S EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION. ..... 19

5. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES. ..... 20

V. ABANDONED CLAIMS ..... 20

VI. CONCLUSION ..... 20

# DISCUSSION

## I. BACKGROUND

Plaintiff filed her Complaint ("Complaint") on November 16, 2022, against Defendants O'Brien, Wexler, and Associates, LLC ("OWA") and Charles Johnson ("Johnson") (OWA and Johnson collectively referred to as "Defendants") (and others not the subject of this Motion for Default Judgment) alleging that they committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA") and the Texas Finance Code § 392.001, *et seq*. [*See* Doc. 1 – Complaint and Jury Demand]. In the Complaint, Plaintiff alleges:

(1) The principal purpose of OWA is the collection of debts using the mails and telephone and other means. *See* Doc. 1 at ¶14.

(2) OWA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes. *See* Doc. 1 at ¶15.

(3) OWA attempted to collect an alleged debt from Plaintiff. *See* Doc. 1 at ¶13.

(4) OWA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7). *See* Doc. 1 at ¶16.

(5) Johnson is the owner of OWA. *See* Doc. 1 at ¶19.

(6) Johnson (a) created the collection policies and procedures used by OWA, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations

of OWA, (c) oversaw the application of the collection policies and procedures used by OWA and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by OWA and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by OWA and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by OWA and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

*See* Doc. 1 at ¶45.

(7) During his time directing the business affairs of OWA, Johnson's principal purpose is the collection of debts using the mails and telephone and other means. *See* Doc. 1 at ¶20.

(8) Johnson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes. *See* Doc. 1 at ¶21.

(9) Johnson is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7). *See* Doc. 1 at ¶22.

(10) At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal loan (hereinafter the "Account"). Specifically, the account was a loan issued by a

company known as "Evergreen." The funds from this loan were not used for any business or commercial purposes.. *See* Doc. 1 at ¶23.

(11) The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2). *See* Doc. 1 at ¶24.

(12) The Account allegedly went into default with the original creditor, Evergreen. *See* Doc. 1 at ¶25.

(13) After the Account allegedly went into default, the Account was purchased by National Debt Holdings, LLC ("NDH"). *See* Doc. 1 at ¶26.

(14) NDH then placed the account with or otherwise transferred the Account to OWA to negotiate a settlement of the Account with Plaintiff. *See* Doc. 1 at ¶27.

(15) OWA spoke with Plaintiff on the phone and told Plaintiff that she had three options to resolve the case and that the third option was that she could dispute the debt and OWA would pursue her in court and get a judgment against her. *See* Doc. 1 at ¶31.

(16) OWA chose to use the false business name "Oliver Wright and Associates" for the purpose of making Plaintiff (and other consumers) believe that it was a law firm. *See* Doc. 1 at ¶32.

(17) By making all of the statements detailed above, OWA indirectly or directly told Plaintiff that a lawsuit and/or criminal charges had been filed or imminently would be filed against her. Doc. 1 at ¶33.

(18) The communications described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed against her and that an attorney was working on recovery of the Account for OWA. Doc. 1 at ¶34.

(19) As of the filing of the Complaint, no lawsuit was filed against Plaintiff on the Account. Doc. 1 at ¶35.

(20) At the time OWA made the statements detailed above, neither OWA, nor the creditor on whose behalf OWA was collecting, had any intent to sue Plaintiff on the Account. Doc. 1 at ¶36.

(21) In fact, the Account was so old at the time of the statements detailed above that no creditor could sue Plaintiff to recover on the Account. Doc. 1 at ¶37.

(22) The things said to Plaintiff in the above-described telephone call were false and deceptive as the call was not being made by an attorney's office as implied by the name and Plaintiff would not be sued if she failed to repay the Account and a judgment would not be obtained against her as threatened. Doc. 1 at ¶38.

(23) OWA's sole purpose for making the statements was to intimidate Plaintiff into making a payment on the Account. Doc. 1 at ¶39.

(24) In every communication with Plaintiff, OWA failed to inform Plaintiff that OWA was a debt collector, that OWA was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection. Doc. 1 at ¶40.

(25) OWA's purpose for calling Plaintiff was to attempt to collect the Account. Doc. 1 at ¶41.

(26) The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2). Doc. 1 at ¶42.

(27) The only reason that OWA and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account. Doc. 1 at ¶43.

(28) The only reason that OWA and/or its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account. Doc. 1 at ¶44.

(29) OWA conducted all of its collections without a surety bond on file with the Texas Secretary of State. Doc. 1 at ¶49.

(30) All of the conduct by OWA and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully. Doc. 1 at ¶53.

(31) OWA's collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life. Doc. 1 at ¶54.

OWA and Johnson were served with a summons and the Complaint on January 12, 2023. [Docs. 5 & 6 – Summons Returned Executed]. Neither Defendant responded to Plaintiff's Complaint within the time and in the manner provide by Fed. R. Civ. P. 12, and the Clerk of the Court entered the default of Defendants on February 16, 2023. [Doc. 9 – Clerk's Entry of Default].

Plaintiff hereby states the following: (1) the Clerk of the Court has entered the default of Defendants [Doc. 9]; (2) the defaulting parties are not an infant or an incompetent person; (3) the Service Members Civil Relief Act (50 App. U.S.C. § 521) does not apply; and (4) notice has been served on Defendants, the defaulting parties, by the means specified in the Returns of Service filed with this Court [Docs. 5 & 6]. Accordingly, Plaintiff seeks:

1. An injunction against OWA and Johnson enjoining them from collecting or attempting to collect in Texas in the manner described in the Complaint;

2. Judgment against OWA and Johnson in the amount of thirteen thousand, five hundred and sixty-six dollars and forty cents ($13,566.40), representing statutory damages in the amount of one thousand dollars ($1,000.00) from OWA pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one thousand dollars ($1,000.00) from Johnson pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one hundred dollars ($100.00) from OWA pursuant to Tex. Fin. Code § 392.403, statutory damages in the amount of one hundred dollars ($100.00) from Johnson pursuant to Tex. Fin. Code § 392.403, and ten thousand, eight hundred, forty dollars ($10,840.00) and costs in the amount of five hundred, twenty-six dollars and forty cents ($526.40) from both Defendants, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b); and
3. Plaintiff requests post-judgment on the amounts determined as to each defendant at the then-current applicable rate (4.87% per annum as of today's date).

## II. PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION

Federal Rules of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b)(2). Rule 55 applies to parties against whom affirmative relief is sought who fail to "plead or otherwise defend." Fed. R. Civ. P. 55(a). A party is subject to a Rule 55 motion for default judgment when it fails to plead or otherwise respond to a Complaint within the required time period. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996). Defendants, by their default, admit the well plead allegations of fact, except those relating to the amount of damages; and, generally, a judgment by default is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th Cir.2002), reh.

denied (relying upon 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58–59 & n. 5 (3d ed.1998)). Defaults are left to the sound discretion of the Court and must be supported by affidavit, proof that notice was provided and *indicia* of a failure to appear. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998) (emphasis in original); *New York Life Ins. Co. v. Brown*, 84 F.3d at 141. In determining whether to enter a judgment of default the court may consider whether material issues of fact exist, whether substantial prejudice will result, whether grounds for default are clearly established, and, whether there exists a defense of a good faith mistake or excusable neglect that resulted in the default. *Id*. Where the defendant has not entered an appearance or filed any pleadings or responsive motions, frequently the record before the court is insufficient to analyze these factors. See *Jimenez v. Rosenbaum-Cunningham*, 2010 WL 1303449 at *3 (E.D. Pa. 2010). Under these circumstances, the district court does not have to consider the factors. See *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990). ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). Any doubt, however, as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id*.; *Davis v. Parkhill–Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir.1962).

As stated above, Plaintiff's Complaint sufficiently alleged that both Defendants are a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6) [Doc. 1 at ¶ 13-16 and 19-22, 45]. Further, as stated above, Plaintiff's Complaint sufficiently alleged that the account upon which Defendants were attempting to collect was a consumer account used for personal purposes. [Doc. 1 at ¶ 23]. Plaintiff's Complaint alleged, and the facts alleged support, that the

account was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and constitutes a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2) [Doc. 1 at ¶ 24].

Plaintiff made clear allegations of Defendants' liability to Plaintiff under 15 U.S.C. §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13) and §1692g(a). [Doc. 1 at ¶¶ 23-55, 64 and 90].

15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> …
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> …
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral

> communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
> …
> (13) The false representation or implication that documents are legal process.

In support of her claim that Defendants violated 15 U.S.C. §1692e, Plaintiff's Complaint alleges that OWA made false statements to Plaintiff that implied or directly stated that OWA was a law firm, that Plaintiff would be sued if she did not immediately repay the Account, that OWA did not intend to sue Plaintiff, that the Account was too old for OWA to sue her on it and that in the time since those false threats were made OWA has not sued her on the Account and that OWA failed to inform Plaintiff that OWA was a debt collector attempting to collect a debt and that any information obtained would be used for the purpose of debt collection. [Doc. 1 at ¶¶ 32-40].

Plaintiff further alleged that Johnson (a) created the collection policies and procedures used by OWA, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of OWA, (c) oversaw the application of the collection policies and procedures used by OWA and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by OWA and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in the complaint, (e) ratified the unlawful debt collection practices and procedures used by OWA and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by OWA and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in the complaint.

These facts sufficiently support Plaintiff's claim of Defendants' liability under 15 U.S.C. §1692e.

Finally, Plaintiff's Complaint also included allegations that Defendants violated Texas state law as well – specifically, Defendants' violations of Tex. Fin. Code §392.101 and §392.304(a)(4)&(5)&(8)&(12)&(13)&(14)&(17)&(19).

Tex. Fin. Code § 392.101 states:

> BOND REQUIREMENT. (a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.
> (b) The bond must be in favor of:
> (1) any person who is damaged by a violation of this chapter; and
> (2) this state for the benefit of any person who is damaged by a violation of this chapter.
> (c) The bond must be in the amount of $10,000.

Tex. Fin. Code §392.304 states:

> FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
> …
> (4) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money;
> (5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:
> (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or
> (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;
> …
> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;
> …

(12) representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges;
(13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion;
(14) representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business;
…
(17) representing that a consumer debt is being collected by an attorney if it is not;
…
(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

In support of her claim that Defendants violated Tex. Fin. Code § 392.101, Plaintiff's Complaint alleged that Defendants attempted collections from her without a bond on file with the Texas Secretary of State. [Doc. 1 at ¶ 49].

In support of her claim that Defendants violated Tex. Fin. Code § 392.304, Plaintiff's Complaint alleges that OWA made false statements to Plaintiff that implied or directly stated that OWA was a law firm, that Plaintiff would be sued if she did not immediately repay the Account, that OWA did not intend to sue Plaintiff, that the Account was too old for OWA to sue her on it and that in the time since those false threats were made OWA has not sued her on the Account and that OWA failed to inform Plaintiff that OWA was a debt collector attempting to collect a debt and that any information obtained would be used for the purpose of debt collection. [Doc. 1 at ¶¶ 32-40].

Plaintiff further alleged that Johnson (a) created the collection policies and procedures used by OWA, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of OWA, (c) oversaw the application of the collection policies and procedures used by OWA and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by OWA and its employees and agents to collect debts from consumers, including the tactics and

scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in the complaint, (e) ratified the unlawful debt collection practices and procedures used by OWA and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by OWA and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in the complaint.

These facts sufficiently support Plaintiff's claim of Defendant's liability under Tex. Fin. Code § 392.101 and § 392.304.

## III. PLAINTIFF'S REQUEST FOR AN INJUNCTION IS REASONABLE

Plaintiff seeks an injunction against Defendants, enjoining them from "future violations of the Texas Finance Code as described herein." Such a remedy is authorized by Tex. Fin. Code § 392.403(a)(1). Where a consumer conclusively establishes a violation of Tex. Fin. Code § 392.001, *et seq*. (the Texas Finance Code related to the regulation of debt collectors), she is entitled to the injunction remedy afforded in Tex. Fin. Code § 392.403(a)(1). *See Marauder Corp. v. Beall*, 301 S.W.3d 817 at 820. In the present case, Plaintiff conclusively established that Defendants attempted to collect from Plaintiff without a surety bond on file with the Texas Secretary of State. Further, Plaintiff conclusively established that Defendants' collection methods used fraudulent, deceptive or misleading representations. an account that Plaintiff did not owe and which Defendant had been made aware was not owed by Plaintiff. *See* Doc. 1 at ¶¶ 32-40, 49. Consequently, Plaintiff is entitled to an injunction prohibiting Defendant from engaging in the conduct described in the complaint that violates Texas law.

## IV. PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE

Plaintiff seeks judgment against Defendant in the amount of thirteen thousand, five hundred and sixty-six dollars and forty cents ($13,566.40), representing statutory damages in the amount of one thousand dollars ($1,000.00) from OWA pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one thousand dollars ($1,000.00) from Johnson pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one hundred dollars ($100.00) from OWA pursuant to Tex. Fin. Code § 392.403, statutory damages in the amount of one hundred dollars ($100.00) from Johnson pursuant to Tex. Fin. Code § 392.403, and ten thousand, eight hundred, forty dollars ($10,840.00) and costs in the amount of five hundred, twenty-six dollars and forty cents ($526.40) from both Defendants, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b).

### A. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES UNDER THE FDCPA, FCRA AND TEXAS FINANCE CODE IS REASONABLE

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00." 15 U.S.C. § 1692k(2)(A). Also, the Texas Finance Code allows for recovery from any Defendant that violates Tex. Fin. Code § 392.202 "is entitled to not less than $100 for each violation." Tex. Fin. Code § 392.403(e).

Plaintiff respectfully submits that she is entitled to relief because her claims are well-pled and establish Defendants' clear and willful violation of the FDCPA and the Texas Finance Code. First, Plaintiff notes that proof of only one violation is sufficient to support judgment for Plaintiff. *Bentley v. Phoenix Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993). In determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the

nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2).

As discussed above, Plaintiff alleges clear violations of the FDCPA by Defendants, which entitles Plaintiff to statutory damages. Plaintiff's Complaint also makes clear allegations of Defendants' violations of Texas state law. Further, to the extent the amount of statutory damages awarded to Plaintiff is subject to the discretion of this Court, the Court should award the maximum available given the nature of the violations and the brazen disregard for the law. Defendants have been sued multiple times for violations of the FDCPA. *See Pauly v. Oliver Wright & Associates*, 2021-cv-00156 (D.C.Neb.); *Martinell et al v. International Recovery Partners & Associates, LLC, et al.*, 2020-cv-00510 (W.D.N.Y.); *Gaido v. O'Brien Wexler and Associates*, 2010-cv-00497 (E.D.Wisc.); Queen v. Midwest Recvoery Systes LLC et al., 2020-cv-01530 (D.C.D.C.); *Flynn v. Accredited Management Solutions LLC, et al*, 2020-cv-00760 (W.D.Mich.); *Aronson v. Midwest Recovery Systems, LLC et al.*, 2017-cv-60599 (S.D.Fla.); *Goforth v. O'Brien, Wexler & Associates, LLC et al.*, 2012-cv-00830 (W.D.N.Y.); *Lambert v. O'Brien, Wexler & Associates, LLC et al.*, 2012-cv-00836 (W.D.N.Y.); *Tucker v. O'Brien, Wexler and Associates, LLC*, 2012-cv-06064 (W.D.Ark.); *Starks v. O'Brien, Wexler and Associates, LLC*, 2011-cv-03078 (N.D.Ill.).

There simply is no better way to compel a debt collector's compliance with the laws of the United States and the State of Texas than to impose the maximum amount allowed under the law.

### B. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

Plaintiff requests attorneys' fees and requests this Honorable Court to determine Plaintiff's attorneys' fees are reasonable. Plaintiff is entitled to attorneys fees in the amount of

ten thousand, eight hundred, forty dollars ($10,840.00) and costs in the amount of five hundred, twenty-six dollars and forty cents ($526.40) pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b) based on the reasons set forth below.

**1. PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT TO THE FDCPA AND TEXAS FINANCE CODE.**

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover attorneys' fees and costs:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a).

Pursuant to this specific language, the Federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory. Given the structure of the section, attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir.1995).

**2. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.**

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one

such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, at 978 (9th Cir. 2008), citing *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor. *See, e.g.*, *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same).

### 3. IN CONSUMER PROTECTION ACTIONS, IT IS NOT APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorneys' fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorneys' fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989); and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).

### 4. THE RATES SOUGHT BY PLAINTIFF'S ATTORNEY ARE REASONABLE AND COMMENSURATE WITH THE ATTORNEY'S EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.

Plaintiff seeks an award of attorneys' fees in the amount of ten thousand, eight hundred, forty dollars ($10,840.00) and costs in the amount of five hundred, twenty-six dollars and forty cents ($526.40) pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b), comprised of 27.1 hours of attorney time at an hourly rate of $400 per hour. *See* Statement of Services attached as Exhibit 1, and Affidavit of Jeffrey D. Wood, attached as Exhibit 2.

Although Plaintiff's counsel would have hoped to have been able to move to a resolution of Plaintiff's claim with a lower number of hours, OWA's use of a false, unregistered business name, Oliver Wright and Associates (notice the similarity of the abbreviations) caused significant extra hours to be expended trying to determine the identity of the company that threatened to sue Plaintiff if she did not repay the Account. Further, it was the design and purpose of OWA to disguise itself from identification so that it could (hopefully) avoid detection and accountability. *See* Exhibit 2, affidavit of Plaintiff's Counsel, at ¶12. OWA should not be rewarded for the egg hunt it caused Plaintiff's attorney to discovery its identity by having Plaintiff's counsels time for this reduced.

Further, OWA and Johnson caused considerable extra time in the earlier days of this claim by falsely denying their involvement in attempting to collect the Account from Plaintiff. This caused extra review of evidence and extra consultation with Plaintiff to double and triple check the evidence she had provided. In the end, it was all a ruse. *See id.* And similar to the reason mentioned above for the time research OWA's true identity, OWA and Johnson should not be the benefactor of the deception and misdirection they threw at Plaintiff's counsel.

As for the hourly rate of Plaintiff's attorney is commensurate with Plaintiff's attorney's experience and training, as Plaintiff's attorney is in his seventeenth year of practice, his fourteenth year of litigating cases involving the Fair Debt Collection Practices Act, has worked as both a defense lawyer and a plaintiff's lawyer and has been involved in the litigation and/or settlement of more than 500 FDCPA cases and claims. *See* Exhibit 2, at ¶ 4.

**5. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES.**

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000.00 in fees on $3 recovery). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See id*; *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendants are able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorneys' fees and costs sought.

## V. ABANDONED CLAIMS

All Claims asserted in Plaintiff's complaint and not sought herein are abandoned.

## VI. CONCLUSION

In order for Plaintiff to obtain default judgment against Defendants, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must also contain

uncontested factual allegations which, taken as true, state a viable cause of action. Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA and the Texas Finance Code. Furthermore, Plaintiff has satisfied the elements establishing entitlement to an injunction against Defendants and to attorneys' fees pursuant to 15 U.S.C. §1692k(a) and Tex. Fin. Code § 392.403(e). Therefore, this Honorable Court should enter an injunction against Defendants enjoining them from collecting or attempting to collect in Texas as described in Plaintiff's Complaint as well as judgment against Defendants in the amount of thirteen thousand, five hundred and sixty-six dollars and forty cents ($13,566.40), representing statutory damages in the amount of one thousand dollars ($1,000.00) from OWA pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one thousand dollars ($1,000.00) from Johnson pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages in the amount of one hundred dollars ($100.00) from OWA pursuant to Tex. Fin. Code § 392.403, statutory damages in the amount of one hundred dollars ($100.00) from Johnson pursuant to Tex. Fin. Code § 392.403, and ten thousand, eight hundred, forty dollars ($10,840.00) and costs in the amount of five hundred, twenty-six dollars and forty cents ($526.40) from both Defendants, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b) pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b).

Respectfully submitted,

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
Ark. Bar No. 025979
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103-Box 208
Little Rock, AR 72223
TEL: 682-651-7599
FAX: 615-807-3344
EMAIL: jeff@jeffwoodlaw.com
Attorney for Plaintiff