# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TASHA GRIFFIN | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:22-CV-00970 |
| | § | Judge Mazzant |
| O'BRIEN, WEXLER, AND | § | |
| ASSOCIATES, LLC, d/b/a "OWA | § | |
| PROCESSING"; d/b/a "OLIVER, | § | |
| WRIGHT & ASSOCIATES"; d/b/a | § | |
| "NATIONAL ASSSET RECOVERY | § | |
| ASSOCIATES"; CHARLES | § | |
| JOHNSON, individually, and | § | |
| NATIONAL DEBT HOLDINGS LLC, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Post-Judgment Attorneys Fees and Costs (Dkt. #17). Having considered the Motion and the relevant pleadings, the Court finds that the motion should be **GRANTED.**

## BACKGROUND

Plaintiff brought a claim against O'Brien, Wexler, and Associates, LLC (OWA) and Charles Johnson (Defendants) for violations of the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Act (TDCA) (Dkt. #1 at pp. 8–13). Plaintiff alleged that Defendants sought to collect on an alleged debt Plaintiff owed (Dkt. #1 at p. 6). Further, Plaintiff alleged that OWA's collection practices caused her to suffer emotional distress (*See* Dkt. #1 at p. 7). Defendants did not file an answer or otherwise respond to Plaintiff's complaint. On June 30, 2023, the Court entered the default judgment against Defendants (Dkt. #16).

Since obtaining the default judgment on June 30, 2023, Plaintiff alleges additional incurred expenses (Dkt. #17 at pp. 1–2; Dkt. #17, Exhibit 1 at pp. 2–3). These expenses include fees for obtaining a certified copy of the judgment ($11) and registering the judgment in the United States District Court for the Western District of New York ($49), totaling to $60 (Dkt. #17, Exhibit 1 at p. 2). Plaintiff alleges that he incurred an additional 23.5 hours of attorneys' fees at an hourly rate of $400 by locating assets that can be executed upon to satisfy the judgment (Dkt. #17 at pp. 2–3; Dkt. #17, Exhibit 1 at pp. 2–3). Plaintiff's counsel voluntarily reduced his fee of $9,400 by 10%, or $940, and requests a total of $8,460 in post-judgment attorneys' fees (Dkt. #17 at pp. 2–3).

The Court previously determined that Plaintiff was entitled to attorneys' fees (Dkt. #15 at p. 17). After assessing the reasonableness of the fees, the Court also determined that an hourly rate of $400 was reasonable for Plaintiff's counsel (Dkt. #15 at pp. 17–19). On November 14, 2023, Plaintiff filed the instant Motion to recover these post-judgment attorneys' fees and costs (Dkt. #17). Once more, Defendants have not responded.

## LEGAL STANDARD

The party seeking to recover attorneys' fees bears the burden to establish that the requested fees are reasonable. *See* McClain *v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). "The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437 (citation omitted). The movant may calculate their reasonable and necessary attorneys' fees using either the "lodestar method" or the "market value" method. *Id.*

There are certain causes of action that require the use of the lodestar calculation. *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) (citing *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013)). Even if it is not required, however, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Id*.

In this Circuit, attorneys' fees are calculated using the two-step lodestar method. *Serna v. L. Off. of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (citing *Black v. Settle Pou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013)) (cleaned up). First, courts obtain the lodestar by "multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black*, 732 F.3d at 502. Second, courts "may enhance or decrease the amount of attorney's fees based on the 'relative weights of the twelve factors set forth in *Johnson*.'" *Id.* (citation omitted). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 717–19 (5th Cir. 1974). "The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (noting the "strong presumption" that the lodestar award is the reasonable fee).

## ANALYSIS

The Court finds that Plaintiff is entitled to post-judgment attorneys' fees and costs. Under the FDCPA,[1] a prevailing party is entitled to fees incurred while securing an attorneys' fee award. *See Hester v. Graham, Bright & Smith, P.C.*, No. 07–40176, 2008 WL 2958984, at *44 (5th Cir. Aug. 4th 2008) (per curiam) (suggesting that the prevailing party in an FDCPA claim should receive attorneys' fees after a successful action). "Plaintiffs may recover attorneys' fees for actions enforcing an earlier judgment, if they prevail in such enforcement." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 767 (5th Cir. 1996). Attorneys' fees are recoverable for post-judgment enforcement efforts. *See Frew v. Traylor*, 688 F. App'x 249, 254 (5th Cir. 2017), as revised (Apr. 28, 2017) (reasoning that "Fees may also be recoverable for successful work done after entry of the consent decree that is done to enforce the decree"). Because Plaintiff has prosecuted a successful action under the FDCPA and incurred additional expenses in securing the prior award, Plaintiff is entitled to recover reasonable attorneys' fees and costs of that pursuit.

**I.      Defendants are liable for reasonable and necessary post-judgment attorneys' fees and costs that Plaintiff invested in attempting to enforce the prior judgment.**

"Where administrative proceedings are intimately tied to the resolution of the judicial action and are necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part of the action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. 877, 878 (1989); *see also Comm'r, I.N.S.*, 496 U.S. at 162 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 559 (1986) ("fees for post-judgment proceedings to enforce consent decree were properly compensable as a cost of litigation under §

---

[1] "In essence, the FDCPA is a 'fee-shifting statute,' and plaintiffs who succeed in bringing FDCPA claims are generally entitled to an award of reasonable attorneys' fees" (Dkt. #15 at p. 17) (cleaned up).

4

304(d) of the Clean Air Act")). "It is settled that a prevailing plaintiff is entitled to attorneys' fees for the effort entailed in litigating a fee claim and securing compensation." *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (cleaned up). FDCA plaintiffs may recover fees for time spent litigating attorneys' fees. *Malick v. NCO Fin. Servs., Inc.*, No. CIV.A. H-14-1545, 2015 WL 4078037, at *7 (S.D. Tex. July 6, 2015) (citing *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981–82 (9th Cir. 2008)) ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee.").

Here, since obtaining the judgment on June 30, 2023, Plaintiff has incurred additional attorneys' fees totaling $9,400 to locate and enforce upon Defendants' assets to satisfy the judgment (Dkt. #17 at pp. 2–3). Plaintiff has provided the Court with a detailed list of the time spent and incurred costs (Dkt. #17, Exhibit 1, at pp. 2–3). Specifically, Plaintiff's counsel has conducted research concerning assets to enforce upon, prepared post-judgment discovery, and teleconferenced with M&T Bank and Plaintiff concerning the judgment (Dkt. #17, Exhibit 1 at pp. 2–3). Plaintiff has learned through this enforcement process that M&T Bank has an account belonging to OWA in New York with enough frozen funds to satisfy the judgment (Dkt. #17 at p. 3). Plaintiff has also prepared an "unfiled (but certain-to-be-filed)" Motion to Disburse Funds for the United States District Court in the Western District of New York, as required by New York state law, requesting a release of those funds to Plaintiff (Dkt. #17, Exhibit 1 at p. 4; Dkt. #17, Exhibit 2 at pp. 2–5).

Upon review of the provided itemized list, the Court finds that the 23.5 hours spent to enforce the judgment were reasonable (Dkt. #17, Exhibit 1 at pp. 2–3). Further, as previously determined by the Court, an hourly rate of $400 was reasonable for Plaintiff's counsel (Dkt. #15 at

pp. 17–19). This is especially true given that Plaintiff's counsel exercised "billing judgment" by voluntarily reducing attorneys' fees by 10% (Dkt. #17 at pp. 2–3). *Hensley*, 461 U.S. at 437. The Court also finds that Plaintiff's efforts to enforce the prior judgment were necessary and appropriate (Dkt. #17, Exhibit 1 at pp. 2–3). Thus, the Court concludes that the resulting lodestar amount of $8,460 is reasonable and requires no further adjustment. A total of $8,520 (*i.e.*, the lodestar amount plus the Western District of New York's court filing fees) is payable to Plaintiff at 3.95%[2] interest per annum from the date this judgment is entered until judgment is paid. Moreover, for judicial economy's sake, the Court also finds it reasonable to award Plaintiff's counsel post-judgment attorneys' fees incurred in preparing and filing the Motion to Disburse Funds in the Western District of New York (Dkt. #17, Exhibit 2 at pp. 2–5). Because Defendants have not responded to or otherwise opposed the Motion, the Court presumes that this claim is uncontested. *See* L.R. CV–7(d).

---

[2] Plaintiff's counsel requests 5.38% interest per annum for attorneys' fees (Dkt. #17 at p. 3). As of September 20, 2024, however, the federal post-judgment interest rate is 3.95% per annum. *Post Judgment Interest Rates*, United States District Court Eastern District of Texas, https://txed.uscourts.gov/?q=post-judgment-interest-rates (last visited Sept. 24, 2024). Thus, the applicable interest rate in this case is 3.95%.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Post-Judgment Attorneys Fees and Costs (Dkt. #17) is **GRANTED**.

It is further **ORDERED** that Plaintiff be awarded attorneys' fees and costs in the amount of $8,520 at 3.95% interest per annum from the date this judgment is entered until judgment is paid.

It is further **ORDERED** that Plaintiff be awarded attorneys' fees incurred while preparing and filing the Motion to Disburse Funds at 3.95% interest per annum from the date the motion is ruled upon by the Western District of New York and the date judgment is paid.

**IT IS SO ORDERED.**

**SIGNED** this 26th day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE